IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ORNING R. SEIGRIST, JR.                                                                                                PLAINTIFF

vs.                                             Civil No. 2:21-cv-02060

KILOLO KIJAKAZI, Acting Commissioner,[1]
Social Security Administration                                                                                         DEFENDANT

### MEMORANDUM OPINION

Orning Seigrist ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 9.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.   Background:**

Plaintiff protectively filed his disability application on October 7, 2018, alleging an onset date of October 5, 2018. (Tr. 10, 62-63, 75-76). In his application, Plaintiff alleges being disabled due to his back and depression. (Tr. 62-63, 75-76, 190). His application was denied initially on

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15. These references are to the page number of the transcript itself not the ECF page number.

February 15, 2019, and was denied again upon reconsideration on July 18, 2019. (Tr. 89-91, 95-96). Plaintiff subsequently requested an administrative hearing, and this hearing request was granted. (Tr. 99-106). Plaintiff's administrative hearing was held on April 28, 2020, *via* telephone in Little Rock, Arkansas. (Tr. 34-59). At this hearing, Plaintiff was present and represented by counsel. *Id*. Plaintiff and Vocational Expert ("VE") William Elmore testified at this administrative hearing. *Id*.

On June 2, 2020, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 7-22). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2023. (Tr. 12, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 5, 2018, his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff was forty-two (42) years old on his alleged disability onset date. (Tr. 21, Finding 7). The ALJ also determined Plaintiff had a high school education and was able to communicate in English. (Tr. 21, Finding 8).

The ALJ then determined Plaintiff had the following severe impairments: lumbar spine degenerative disc disease; thoracic spine burst fracture; and obesity. (Tr. 13, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 14, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective allegations and determined his Residual Functional Capacity ("RFC"). (Tr. 14-15, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except for the following: he can sit or stand to perform duties in 30 minute increments. He can never climb ladders, ropes, and scaffolds.

> He can occasionally climb ramps and stairs.  He can occasionally balance, stoop, [kneel], crouch, and crawl.  He can never use his lower extremity for foot control operations.  He can never be exposed to unprotected heights in the workplace.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW.  (Tr. 20-21, Finding 6).  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 21, Finding 10).  Considering his RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) ampoule sealer (sedentary unskilled) with 6,000 such jobs available in the national economy; and (2) table worker (sedentary, unskilled) with 3,000 such jobs available in the national economy.  (Tr. 21-22, Finding 10).

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 5, 2018, or through June 2, 2020, the date of his decision.  (Tr. 22, Finding 11).

Plaintiff requested the Appeals Councils review of the ALJ's unfavorable disability determination.  On January 6, 2021, the Appeals Council declined to review the ALJ's disability determination.  (Tr. 1-6).  On March 12, 2021, Plaintiff filed the present appeal. ECF No. 1.  The Parties consented to the jurisdiction of this Court on March 25, 2021.  ECF No. 9.  This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. § 423(d)(1)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A claimant must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the Plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. § 404.1520(a)(4)(v).

**3.      Discussion:**

In his appeal brief, Plaintiff raises the following two arguments for reversal: (1) whether the ALJ erred his Step Three analysis by finding Plaintiff's impairments did not meet or equal a Listing; and (2) whether the ALJ conducted a proper analysis at Step Five. ECF No. 17.

**A. Step Three**

To qualify for disability benefits at step three, a claimant must establish that his impairment meets or equals a listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). Additionally, to meet or equal a listing, Plaintiff must prove he meets all of the specific criteria. *See Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995). The ALJ found Plaintiff's lumbar spine degenerative disc disease, thoracic spine burst fracture, and obesity to be severe impairments, however, he determined these impairments did not meet or equal a Listing. (Tr. 13, Finding 3).

To meet or equal Listing 1.04(A), Plaintiff must not only prove he had a disorder of the spine with evidence of nerve root compression, but also must prove the nerve root compression was characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raise testing (sitting and supine). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.04A.

Throughout the relevant disability period, Plaintiff manifested unremarkable findings on physical examinations, including normal muscle tone, normal coordination, and full range of motion in the musculoskeletal system. (Tr. 331-332, 334, 336, 338, 340, 459, 466, 496-497, 536). In April 2019, Plaintiff exhibited a normal gait, no muscle atrophy, full muscle strength and tone in his lower extremities, and had intact reflexes. (Tr. 570-571, 586). Moreover, Plaintiff also had negative straight leg raises in January 2019. (Tr. 464, 570-571, 586, 600). The evidence supports the ALJ's finding that Plaintiff's back impairment did not meet Listing 1.04(A). *See Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 517 (8th Cir. 2019) (substantial evidence supported determination that listing 1.04(A) was not met, as claimant did not have objective finding required by listing); *see also Wright v. Kijakazi*, No. 21-2444, 2022 WL 402396, at *1 (8th Cir. Feb. 10, 2022) (per curiam) (unpublished).

Although Plaintiff clearly has limitations and serious health issues, after thoroughly reviewing the record, Plaintiff fails to demonstrate he meets the requirements of Listing 1.04(A).

    **B.   Step Five Determination**

Plaintiff contends he is not capable of performing the jobs identified in the ALJ's finding at Step Five. ECF No. 17. "The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006)). Here, the ALJ's hypothetical question included all the limitations found to exist by the ALJ and set forth in the ALJ's RFC determination. The Court finds the hypothetical question was proper, and the VE's answer constituted substantial evidence supporting the Commissioner's denial of benefits. Accordingly, the ALJ's Step Five finding is supported by substantial evidence.

**4.   Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED this 24th day of August 2022.**

                                                        /s/ *Barry A. Bryant*
                                                        HON. BARRY A. BRYANT
                                                        UNITED STATES MAGISTRATE JUDGE